# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

## THIS IS A CAPITAL CASE

MARCEL WAYNE WILLIAMS                                            PETITIONER

v.                          No. 5:02CV00450 JLH

WENDY KELLEY, Director,
Arkansas Department of Correction                             RESPONDENT

## OPINION AND ORDER

Marcel Wayne Williams is on death row in the Arkansas Department of Correction. The Governor of the State of Arkansas has scheduled his execution for April 24, 2017. On April 1, 2017, Williams filed a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the judgment denying his petition for habeas relief under 28 U.S.C. § 2254. Two issues are before the Court: first, whether Williams's motion is a second or successive habeas petition; second, if not, whether Williams has presented a basis for relief under Rule 60(b).

In 1997, Williams was convicted of capital murder in the 1994 death of Stacy Errickson and was sentenced to death. The Arkansas Supreme Court affirmed on direct appeal. *Williams v. State*, 338 Ark. 97, 991 S.W.2d 565 (1999) (*Williams I*). In a motion filed pursuant to Arkansas Rule of Criminal Procedure 37, Williams argued that his trial lawyers were ineffective at the penalty phase for failing to investigate and present mitigating evidence of his life history. The state trial court denied the Rule 37 motion, and the Arkansas Supreme Court affirmed. *Williams v. State*, 347 Ark. 371, 64 S.W.3d 709 (2002) (*Williams II*).

In December of 2002, Williams filed a timely habeas petition in this Court pursuant to 28 U.S.C. § 2254. He filed an amended petition in April of 2005. His amended petition asserted that his trial lawyers were ineffective during both the guilt and penalty phases. He also contended

that deficiencies in the work of state appellate and post-conviction counsel excused "any failure to comply with procedural requirements that this Court might otherwise identify." Document #17 at 85-88.

In Claim III of his amended habeas petition, Williams listed his allegations of guilt-phase ineffectiveness: (1) conducting inadequate voir dire, (2) accepting an impartial juror, (3) mishandling a *Batson* claim, (4) not subjecting the State's guilt-phase evidence to meaningful adversarial testing by not objecting to victim-impact evidence and not requesting funding to retain a DNA expert, (5) not objecting to prosecutorial misconduct, (7) telling jurors during opening that they were better than Williams, and (8) not objecting to the prejudicial courtroom atmosphere. Document #17 at 45-51. Some of these claims were repeated or incorporated by reference into Williams's contention that his lawyers were ineffective at the penalty phase. *Id*. at 43-44. Dismissing these claims, this Court found as follows:

> None of these arguments were presented to the state courts. None of them relies on a new rule of constitutional law made retroactive to cases on collateral review or a factual predicate that could not have been discovered through due diligence. 28 U.S.C. § 2254(e)(2)(A). Furthermore, the facts underlying these claims are not sufficient to establish by clear and convincing evidence that but for constitutional error no reasonable factfinder would have found Williams guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B). Williams's Claim No. 3 will be dismissed because it is procedurally defaulted and the default is not excused.

Document #35 at 12-13.

Williams's primary argument, which was presented as Claim II of his habeas petition, was that his lawyers failed to develop and present mitigating social history evidence through expert testimony. Document #17 at 17-43. Analyzing the ineffectiveness claim under the familiar *Strickland*[1] standard, this Court determined the Arkansas Supreme Court clearly erred in finding that

---

[1] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Williams's lawyers' decision not to introduce mitigation evidence was a reasonable trial strategy. This Court ordered an evidentiary hearing to decide whether the evidence sufficed to show prejudice as required by *Strickland*. Document #35 at 11-12. Evidence presented at that hearing established that "Williams was subject to every category of traumatic experience that is generally used to describe childhood trauma." Document #94 at 4. He was sexually abused numerous times, was physically abused and "was subjected to gross neglect[.]" *Id*. Based on evidence presented at the evidentiary hearing, this Court found *Strickland* prejudice and granted relief on Williams's claim that his lawyers were ineffective at the penalty phase. Document #94. The Eighth Circuit reversed and reinstated the death sentence, holding the record was limited by section 2254(e)(2) to the evidence presented in state court and finding that, on that record, the state court decision was not contrary to or an unreasonable application of *Strickland*. *Williams v. Norris*, 576 F.3d 850, 858-63 (8th Cir. 2009). Over a vigorous dissent, the Supreme Court denied Williams's petition for a writ of certiorari. *Williams v. Hobbs*, 562 U.S. 1097, 131 S. Ct. 558, 178 L. Ed. 2d 542 (2010) (Sotomayor, J., and Ginsburg, J., dissenting).

Some years later, the United States Supreme Court announced a narrow, equitable exception to the procedural default rules, holding that, under some circumstances, ineffective assistance of post-conviction counsel can provide cause to excuse procedural default. *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012); *Trevino v. Thaler*, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013). In 2013, the Eighth Circuit held that *Martinez* and *Trevino* apply in Arkansas. *Sasser v. Hobbs*, 735 F.3d 833, 851-53 (8th Cir. 2013). Application of the *Martinez-Trevino* equitable exception requires that the ineffective-assistance-of-trial-counsel claim be substantial. *Martinez*, 566 U.S. at 14. A substantial ineffectiveness claim is one that has some merit. *Id.*

3

Williams argues that *Martinez* and *Trevino*, combined with unique circumstances, constitute extraordinary circumstances sufficient to reopen the final judgment in his habeas case. He argues he should have the opportunity to show that the default of his guilt-phase ineffectiveness claims are excused under a *Martinez-Trevino* analysis. He contends that his post-conviction lawyer was constitutionally ineffective and that these claims are substantial. Williams also seeks to reopen his claim that his lawyers were ineffective at the penalty phase for not presenting mitigation evidence.

The Eighth Circuit has directed district courts to evaluate whether a purported Rule 60(b) motion is in fact a second or successive habeas petition before addressing it under Rule 60(b). *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). By statute, a claim presented in a second or successive habeas corpus petition under section 2254 must be dismissed if it was presented in a prior petition. 28 U.S.C. § 2244(b)(1). Under narrow circumstances, a claim presented in a second or successive habeas corpus petition under section 2254 that was not previously presented may be permitted if the appropriate court of appeals authorizes the district court to consider the petition. *Id.* at §§ 2244(b)(2) and (b)(3)(A). "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd*, 304 F.3d at 814.

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009). A claim is "'an asserted federal basis for relief from a state court's judgment of conviction'" or "an attack on the 'federal court's previous resolution of the claim *on the merits*.'" *Id.* at 933 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532, 125 S. Ct. 2641, 2647, 162 L. Ed. 2d 480 (2005)). In this context, "on the merits" means "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief

4

under 28 U.S.C. §§ 2254(a) and (d)." *Gonzalez*, 545 U.S. at 532 n.4, 125 S. Ct. at 2648 n.4. A movant is not seeking a determination on the merits if he "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. If the motion does not present a claim, it should not be treated as a successive habeas petition. *Id*. at 533, 125 S. Ct. at 2648. "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* A motion that challenges only the district court's failure to reach the merits is not a successive habeas petition and therefore can be decided without precertification by the Court of Appeals. *Id.* at 538, 125 S. Ct. at 2651. Applying *Gonzalez,* courts have determined that a Rule 60(b) motion that relies on *Martinez* and *Trevino* to challenge a district court's previous determination that ineffectiveness claims were procedurally defaulted is not a successive habeas petition. *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012); *Scott v. Hobbs*, No. 5:04CV00082-KGB, 2014 WL 3700581 at *2 (E.D. Ark. July 25, 2014).

As to Williams's claim that his lawyers were ineffective at the penalty phase for failing to present mitigation evidence, that claim was decided by this Court and the Eighth Circuit on the merits. That part of Williams's present motion is a second or successive habeas petition and therefore must be dismissed. 28 U.S.C. § 2244(b)(1). Williams attempts to avoid this conclusion by arguing that because no evidence of prejudice was presented at his Rule 37 hearing, the ineffective assistance claim was not really a claim at all. He says that the claim presented here was so different from the claim presented in state court that this Court should have held the claim procedurally defaulted. That argument fails because the claim presented here was the same claim

5

that was presented in state court. In fact, this Court relied on the transcript of the Rule 37 hearing to conclude that Williams met the first element of the *Strickland* test, i.e., that his lawyers' performance was inadequate. Moreover, the Eighth Circuit did not treat the claim as procedurally defaulted. Rather, the Eighth Circuit addressed the claim as one decided by the state court on the merits and reviewed it using the standard for considering the merits of a claim. *Williams*, 576 F.3d at 858-59. This Court has no authority to hold that the Eighth Circuit mischaracterized the decision of the state court or that the Eighth Circuit misdescribed its own decision.

As noted, several of Williams's claims that he seeks to present here were procedurally defaulted. Under the *Gonzalez* analysis, because those claims were not decided on the merits, his contention that the Court erred in holding them procedurally defaulted does not render the motion a second or successive petition. As to Williams's claims that were procedurally defaulted, the issue, therefore, is whether he presents grounds for relief under Rule 60(b).

The applicable subdivision is Rule 60(b)(6), which is a catch-all provision, providing relief from final judgment for "any reason that justifies relief." Relief under Rule 60(b)(6) is only available in "extraordinary circumstances." *Gonzalez*, 545 U.S. at 535, 125 S. Ct. at 2649. "Such circumstances will rarely occur in the habeas context." *Id.* "Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself extraordinary circumstances." *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assoc.*, 194 F.3d 922, 925 (8th Cir. 1999); *see also Carlson v. Hyundai Motor Co.*, 222 F.3d 1044, 1045 (8th Cir. 2000). In *Gonzalez*, the Supreme Court held that a new interpretation of the statute of limitations in the Antiterrorism and Effective Death Penalty Act did not constitute extraordinary circumstances warranting relief. 545 U.S. at 536-37, 125 S. Ct. at 2650.

6

The Eighth Circuit has not decided whether the change in law announced in *Martinez* and *Trevino* constitutes an extraordinary circumstance that justifies relief under Rule 60(b). Most courts that have addressed the issue have held that this change in procedural law does not constitute extraordinary circumstances. *See Moses v. Joyner*, 815 F.3d 163, 168 (4th Cir. 2016) ("If the change in habeas decisional law at issue in *Gonzalez* cannot pass as an extraordinary circumstance, then the change here should not fare any better."); *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014); *Adams*, 679 F.3d at 320 ("The *Martinez* Court's crafting of a narrow, equitable exception to *Coleman*'s holding is 'hardly extraordinary.'"). This Court previously has followed the majority position. *Hill v. Hobbs*, 5:13CV00015-JLH, Document #37 at 3 (E.D. Ark. June 6, 2014) ("In view of the overwhelming authority holding that the new rule announced in *Martinez* and *Trevino* does not justify relief under Rule 60(b)(6), Hill's motion must be denied."); *see also Scott*, No. 5:04CV00082-KGB, 2014 WL 3700581 at *2.

The recent decision of the Supreme Court in *Buck v. Davis*, 137 S. Ct. 759 (2017) does not hold that the change in law announced in *Martinez* and *Trevino* by itself constitutes an extraordinary circumstance that justifies relief under Rule 60(b)(6). There, the Supreme Court found that extraordinary circumstances existed to justify relief under Rule 60(b)(6) before addressing the issue of whether *Martinez* and *Trevino* applied to the case. *Id*. at 777-80. The extraordinary circumstances were that Buck "may have been sentenced to death in part because of his race[,]" which was "a disturbing departure from a basic premise of our criminal justice system" that the "law punishes people for what they do, not who they are." *Id*. at 778. That departure from a fundamental premise of our criminal justice system was exacerbated because it concerned race, which injured not only the defendant but the law as an institution and the community at large. *Id*. The extraordinary nature of the case was confirmed by the actions of the State of Texas, which had confessed error in

7

five cases that presented substantially the same issue while refusing to confess error in Buck's case. *Id*. at 778-79.

Williams concedes that his circumstances are not identical to those found extraordinary in *Buck*, but he argues that they are sufficiently similar to warrant relief. According to Williams, the extraordinary circumstances are: (1) the change in law announced in *Martinez* and *Trevino*; (2) he is facing execution; (3) this Court previously held that his trial lawyers were ineffective for failing to present mitigating evidence that might have persuaded the jury not to impose the death penalty; and (4) his post-conviction counsel was ineffective for failing to present that same mitigating evidence at the Rule 37 proceeding. Those arguments relate primarily to Williams's claim that his lawyers were ineffective at the penalty phase, which was not procedurally defaulted and therefore not within the scope of *Martinez* and *Trevino*. Because Williams's claim that his lawyers were ineffective at the penalty phase was decided on the merits, his present effort to reopen that claim is a second or successive habeas petition, not an issue properly brought under Rule 60(b)(6). Williams presents no convincing argument that the circumstances are extraordinary as they relate to his procedurally defaulted claims.

A motion under Rule 60(b) also must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). The Supreme Court decided *Martinez* in 2012, and *Trevino* in 2013. The Eighth Circuit decided *Sasser* in 2013. Williams filed a Rule 60 motion in 2015 but made no argument based on these cases.[2] Document #120. The Fourth Circuit has held that a movant lacked diligence in filing a Rule 60(b)(6) motion based on *Martinez* and *Trevino* when he waited two years after *Martinez* and

---

[2] In that motion, Williams argued that the death penalty was unconstitutional and that Rule 60(b) provided him an avenue for relief. This Court denied the motion and denied a motion for a certificate of appealability. The Eighth Circuit likewise denied a motion for a certificate of appealability.

8

a year after *Trevino* to file his motion. *Moses*, 815 F.3d at 166. Williams argues that he was diligent because he filed his motion shortly after the Supreme Court handed down *Buck v. Davis*. He says that, until *Buck*, there was conflict as to whether *Martinez* and *Trevino* applied under Rule 60(b). A recent opinion from the Western District of Arkansas rejected this argument:

> While *Buck* may have clarified the potential for relief under Rule 60(b)(6), such relief was being sought by other litigants immediately after the *Martinez* and *Trevino* decisions. The Court also finds it notable that *Buck* sought *immediate* review, filing a Rule 60(b)(6) motion within two months of the *Trevino* decision. *Buck*, 137 S. Ct. at 771. Davis's delay of almost four (4) years is not reasonable and he has not provided the court with good reason for his delay.

*Davis v. Kelley*, 5:01CV05188-SOH (W.D. Ark. April 16, 2017), Document #60 at 5. The Eighth Circuit affirmed that decision. Appellate Case No. 17-1806 (8th Cir. April 17, 2017). Williams, like Davis, delayed almost four years after *Trevino* and, like Davis, has failed to provide a good reason for his delay. Furthermore, Williams alleged post-conviction counsel's ineffectiveness as an excuse for default in the amended petition that he filed in April of 2005, but he did not pursue the issue until April of 2017. Williams did not file the present motion within a reasonable time as required by Rule 60(c)(1).

Williams's Rule 60(b)(6) motion is denied.

## CONCLUSION

As noted, some of Williams's claims were procedurally defaulted; others were not. Williams's claim that his lawyers were ineffective at the penalty phase because they failed to present mitigation evidence was presented to the state courts and was decided on the merits, both in state and federal court. Williams's present attempt to present that claim is a second or successive habeas petition that must be dismissed. As to the claims that were procedurally defaulted, Williams's argument that the Court erred does not present a second or successive habeas claim. These claims

9

can be considered under Rule 60(b)(6). Relief under that rule requires extraordinary circumstances and diligence. Williams has met neither requirement.

Our legal system has served no one in this case well. Williams has evidence that might have persuaded a jury not to impose the death penalty, but his lawyers failed to present that evidence at trial and at his Rule 37 hearing, after which the door to presenting it was closed. Though that door closed years ago, the case is not closed, nearly twenty-three years after Stacy Errickson was murdered, which must seem to her family and friends as an instance of justice delayed is justice denied.

The motion for relief from judgment filed by Marcel Wayne Williams is DENIED. Document #133. Reasonable jurists could disagree with some or all of the Court's conclusions in this opinion, so the Court hereby issues a certificate of appealability to Williams on the issues presented in his motion for relief from the judgment.

IT IS SO ORDERED this 18th day of April, 2017.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE